UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19 CV 2639 RWS |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jennifer Saunders brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434.  Section 205(g) of the Act, 42 U.S.C. §§ 405(g), provides for judicial review of a final decision of the Commissioner.  Because the Commissioner's final decision is supported by substantial evidence on the record as a whole, I will affirm the decision of the Commissioner.

**Procedural History**

Plaintiff was born in 1972 and alleges she became disabled beginning January 1, 2017,[1] because of idiopathic peripheral neuropathy, chronic pain

---

[1] Plaintiff originally alleged an onset date of April 6, 2016, but later amended her onset date through counsel.

syndrome, enthesopathy, and swelling.  (Tr. 170).

Plaintiff's application was initially denied on November 7, 2016.  After a hearing before an ALJ on July 30, 2018, the ALJ issued a decision denying benefits on November 19, 2018.  On July 23, 2019, the Appeals Council denied plaintiff's request for review.  The ALJ's decision is thus the final decision of the Commissioner.  42 U.S.C. § 405(g).

In this action for judicial review, plaintiff contends that the ALJ erred in her assessment of the medical evidence and in discounting plaintiff's subjective complaints of pain.[2]  Plaintiff asks that I reverse the Commissioner's final decision and remand the matter for further evaluation.  For the reasons that follow, I will affirm the Commissioner's decision.

## Medical Records and Other Evidence Before the ALJ

With respect to the medical records and other evidence of record, I adopt plaintiff's recitation of facts set forth in her Brief in Support of the Complaint (ECF #10) as they are admitted (with additional facts) by the Commissioner (ECF #11-1).  I also adopt the additional facts set forth in the Commissioner's Statement of Additional Material Facts (ECF #11-1) because they are not contested by plaintiff.  Together, these statements provide a fair and accurate description of the

---

[2] Plaintiff also argued that the ALJ erred by failing to consider her good earnings record, but she withdrew that argument in her reply brief.  (ECF #14 at 5).

relevant record before the Court.

Additional specific facts will be discussed as needed to address the parties' arguments.

## Discussion

A.   Legal Standard

To be eligible for disability insurance benefits under the Social Security Act, plaintiff must prove that she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.,* 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual will be declared disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The Commissioner begins by deciding whether the

claimant is engaged in substantial gainful activity.  If the claimant is working, disability benefits are denied.  Next, the Commissioner decides whether the claimant has a "severe" impairment or combination of impairments, meaning that which significantly limits her ability to do basic work activities.  If the claimant's impairment(s) is not severe, then she is not disabled.  The Commissioner then determines whether claimant's impairment(s) meets or equals one of the impairments listed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  If claimant's impairment(s) is equivalent to one of the listed impairments, she is conclusively disabled.  At the fourth step, the Commissioner establishes whether the claimant can perform her past relevant work.  If so, the claimant is not disabled.  Finally, the Commissioner evaluates various factors to determine whether the claimant is capable of performing any other work in the economy.  If not, the claimant is declared disabled and becomes entitled to disability benefits.

I must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.  42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion.  *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001).  Determining whether there is substantial evidence requires scrutinizing analysis.  *Coleman v. Astrue*, 498 F.3d 767, 770 (8th

Cir. 2007).

I must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, I must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). I may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

When evaluating evidence of pain or other subjective complaints, the ALJ is never free to ignore the subjective testimony of the claimant, even if it is uncorroborated by objective medical evidence. *Basinger v. Heckler*, 725 F.2d 1166, 1169 (8th Cir. 1984). The ALJ may, however, disbelieve a claimant's subjective complaints when they are inconsistent with the record as a whole. *See e.g., Battles v. Sullivan*, 902 F.2d 657, 660 (8th Cir. 1990). In considering the subjective complaints, the ALJ is required to consider whether a claimant's subjective complaints are consistent with the medical evidence. *See Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (listing factors such as the claimant's daily activities, the duration, frequency, and intensity of the pain, precipitating and aggravating factors, dosage, effectiveness and side effects of medication, and

functional restrictions).[3]  When an ALJ gives good reasons for the findings, the court will usually defer to the ALJ's finding.  *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007).  However, the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding.  *Hildebrand v. Barnhart*, 302 F.3d 836, 838 (8th Cir. 2002).

B.    ALJ's Decision

In her written decision, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged amended onset date of January 1, 2017.  The ALJ found that plaintiff had the following severe impairments: chronic pain syndrome, myofascial pain syndrome, and obesity.  The ALJ also found that plaintiff's major depressive disorder, generalized anxiety disorder, hypertension, and mixed hyperlipidemia were non-medically determinable because they were not diagnosed by medically acceptable sources.  The ALJ determined that plaintiff's impairments or combination of impairments did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 18.)  The

---

[3] This was once referred to as a credibility determination, but the agency has now eliminated use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of an individual's character.  However, the analysis remains largely the same, so the Court's use of the term credibility refers to the ALJ's evaluation of whether a claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and other evidence of record."  *See* SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017); 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); *Lawrence v. Saul*, 2020 WL 4375088, at *5, n.6 (8th Cir. Jul. 31, 2020) (noting that SSR 16-3p "largely changes terminology rather than the substantive analysis to be applied" when evaluating a claimant's subjective complaints).

ALJ found plaintiff to have the residual functional capacity (RFC) to perform

sedentary work with the following limitations:

> She can lift, carry, push, and pull ten pounds occasionally and less
> than ten pounds frequently.  She can sit for six hours and stand and
> walk for two hours in an eight-hour day.  She can perform occasional
> climbing of ladders, ropes, or scaffolds.  The claimant can
> occasionally stoop, kneel, crouch, and crawl.  She cannot perform
> work at unprotected heights, hazardous machinery, or have
> concentrated exposure to extremes in temperature.

(Tr. 18.)  The ALJ relied upon vocational expert testimony to support a conclusion

that plaintiff could perform her past relevant work as a project manager  (Tr. 22.)

and therefore found plaintiff not to be disabled.  (Tr. 23.)

Plaintiff claims that this decision is not supported by substantial evidence

because the ALJ improperly assessed medical evidence when formulating her RFC

and erroneously discounted her subjective allegations of pain.

C.     Medical Evidence

Plaintiff first argues that the ALJ erred because she failed to afford proper

weight to the opinion of her long-time treating physician, Thomas G. Johans, M.D.

Dr. Johans is a pain management doctor who began treating plaintiff in 2008 for

chronic pain syndrome.  (Tr. 420.)  He treated her until he retired in 2018.  (Tr.

420.)   In 2009, he implanted a spinal cord stimulator to alleviate left lacerating

pain down her leg.  (Tr. 371.)  In 2010, he implanted a percutaneous, "field"

peripheral nerve stimulator in 2010.  (Tr. 424.)  He replaced them in 2017.  (Tr.

372.)  Dr. Johans administered 14 lumbar trigger point injections to plaintiff between April, 2015 and April, 2018.  On May 31, 2018, Dr. Johans wrote a letter summarizing plaintiff's care in connection with her application for benefits.  (Tr. 419.)   In that letter, Dr. Johans states that, when he first began treating plaintiff, he suggested the medications Lyrica and Cymbalta for progressive pain relief.  He then states that "unfortunately, although these medications have been helpful, they are not enough relief for her to sustain a job or even maintain her activities of daily living."  (Tr. 422.)  Dr. Johan goes on to state in the next paragraph that "at this time, I offered her interventional pain management, including" the spinal cord stimulator, which he implanted in 2009.   (Tr. 423.)  He then says that "with this relief, she was able to go back to work and back to a pretty normal life.  She is very happy with this stimulator."  (Tr. 423.)  Because plaintiff continued to complain of intense allodynic and hyperpathic pain over her left anteromedial shin and calf, Dr. Johans implanted a percutaneous field peripheral nerve stimulator in 2010.  (Tr. 424.)  Dr. Johans states: "The combination of these two stimulators provided unrivaled relief for her that allowed her to come off her narcotics and other medications so that she could for the first time, be more active and do things she has not done for years."  (Tr. 424.)  Dr. Johans then states that plaintiff has reported that driving in a car causes the stimulators to be ineffective in relieving her pain, which is "still quite a mystery even to this day."  (Tr. 424.)  Dr. Johans

8

then states that plaintiff has reported that "her job description DEMANDS that she travel by car[sic] to interviews and work daily.  She feels very strongly that this is not an option for her having to suffer through so much pain."  (Tr. 424.)

Plaintiff contends that the ALJ improperly disregarded Dr. Johans' opinion that "unfortunately, although these medications have been helpful, they are not enough relief for her to sustain a job or even maintain her activities of daily living."  (Tr. 422.)  The ALJ  gave this opinion "no weight" because "whether or not an individual can work is an issue left to the Commissioner."  (Tr. 22.)  The ALJ also determined that Dr. Johans' opinion was inconsistent with his own treatment notes and plaintiff's activities of daily living.  (Tr. 22.)

It is not my role to reweigh the medical evidence of plaintiff's limitations considered by the ALJ in her determination of plaintiff's RFC.  *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016).  As discussed below, the ALJ properly factored into her RFC determination an assessment of plaintiff's credibility and objective medical findings of record, which do not support plaintiff's claimed limitations.  In so doing, she did not substantially err.

RFC is defined as "what [the claimant] can still do" despite his "physical or mental limitations."  20 C.F.R. § 404.1545(a).  "When determining whether a claimant can engage in substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments."  *Lauer v. Apfel*,

245 F.3d 700, 703 (8th Cir. 2001). The ALJ must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). The record must include some medical evidence that supports the RFC. *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir. 2000). "Where the claimant has the residual functional capacity to do either the specific work previously done or the same type of work as it is generally performed in the national economy, the claimant is found not to be disabled." *Lowe v. Apfel*, 226 F.3d 969, 973 (8th Cir. 2000) (internal citation omitted).

An ALJ is required to explain in her decision the weight given to any opinions from treating sources, non-treating sources, and non-examining sources. *See* 20 C.F.R. § 404.1527(c)(2)(ii). The Regulations require that more weight be given to the opinions of treating physicians than other sources. 20 C.F.R. § 404.1527(c)(2). A treating physician's assessment of the nature and severity of a claimant's impairments should be given controlling weight if the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.; see also Forehand v. Barnhart*, 364 F.3d 984, 986 (8th Cir. 2004). This is so because a treating physician has the best opportunity to observe and evaluate a claimant's

condition,

> since these sources are likely to be the medical professionals most
> able to provide a detailed, longitudinal picture of [a claimant's]
> medical impairment(s) and may bring a unique perspective to the
> medical evidence that cannot be obtained from the objective medical
> findings alone or from reports of individual examinations, such as
> consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(c)(2).

When a treating physician's opinion is not given controlling weight, the

Commissioner must look to various factors in determining what weight to accord

that and any other medical opinion of record, including the length of the treatment

relationship and the frequency of examination, the nature and extent of the

treatment relationship, whether the physician provides support for her findings,

whether other evidence in the record is consistent with the physician's findings,

and the physician's area of specialty.  20 C.F.R. § 404.1527(c), (e).  Inconsistency

with other substantial evidence alone is a sufficient basis upon which an ALJ may

discount a treating physician's opinion.  *Goff v. Barnhart*, 421 F.3d 785, 790-91

(8th Cir. 2005).  The Commissioner "will always give good reasons in [the] notice

of determination or decision for the weight [given to the] treating source's

opinion."  20 C.F.R. § 404.1527(c)(2).

Here, the ALJ properly formulated plaintiff's RFC only after evaluating her

subjective symptoms and discussing the relevant evidence, including her

testimony, the medical evidence, and her daily activities.  After consideration of all

this evidence, the ALJ concluded that plaintiff retained the capacity to perform sedentary work, with modifications tailored to her credible limitations.  In so doing, she did not substantially err.

Here, the ALJ properly disregarded Dr. Johans' opinion regarding plaintiff's ability to work.  As explained by the ALJ, "[a] treating physician's opinion that a claimant is disabled or cannot be gainfully employed gets no deference because it invades the province of the Commissioner to make the ultimate disability determination." *House v. Astrue*, 500 F.3d 741, 745 (8th Cir. 2007); 20 C.F.R. § 404.1527(d), (d)(3) (opinions on issues reserved to Commissioners "are not medical opinions" and are not due "any special significance").  This is true regardless of the length and nature of the treatment relationship or the treater's area of expertise.  Although Dr. Johans' opinion was not a medical opinion entitled to any deference, the ALJ nevertheless went on to provide additional reasons for the weight she assigned to the opinion.  As noted by the ALJ, Dr. Johans' treatment notes are inconsistent with this opinion, as the treatment records from April 2015 to April 2018 consistently reveal "good relief" of pain that allowed for "improvement in the performance of activities of daily living," with improvement in symptoms of generally 50 to 90 percent, and average daily pain levels ranging from 2-7/10.  (Tr. 241-42, 245, 250, 255, 260, 265-66, 274-75, 341-42, 357-58, 361-62, 367, 379, 383, 388-89, 396-97, 526-27, 530-31, 546, 548-49, 554-55, 558-

12

59, 562-63.)  Physical examinations by Dr. Johans over this same time period consistently demonstrated that plaintiff was well nourished with normal physical development for her age, with several trigger points in the paravertebral and gluteal muscles, alert and oriented, well groomed, and that she had a good long-term memory, normal short-term memory with the ability to remember and repeat instructions, good reasoning, the ability to form concepts based on data, and anxious affect.  (Tr. 214-78, 341-401, 526-68.) [4]

An ALJ may discount a treating physician's opinion where it is not supported by objective medical evidence.  *Winn v. Comm'r, Soc. Sec. Admin.*, 894 F.3d 982, 987 (8th Cir. 2018).  The ALJ "may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions."  *Cline v. Colvin*, 771 F.3d 1098, 1103 (8th Cir. 2014) (internal quotation marks and citations omitted); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) (declining "to give controlling weight to the treating physician's opinion because the treating physician's notes were inconsistent with her . . . assessment").

---

[4] In addition, it is unclear whether Dr. Johans' opinion refers to plaintiff's condition in 2009 and 2010, before he implanted the stimulators, or her then-current condition.  Given this internal inconsistency, it was not erroneous for the ALJ to disregard this statement.

The ALJ also properly noted that Dr. Johans' opinion was inconsistent with plaintiff's reported activities of daily living.  Plaintiff testified that she lives alone and attends to her personal needs, much of it while seated, and her sleep is rarely affected by her symptoms.  (Tr. 34-35, 183-84.)  Plaintiff is able to drive short distances under 20 minutes at a time, prepare simple meals, shop in stores and online, do laundry and light cleaning, visit with friends in person and on the phone, and sometimes eat out.  (Tr. 34-35, 56-68, 184-87.)  Dr. Johans also believed that plaintiff's job "demanded that she travel by car to interviews and work daily," even though plaintiff testified at the hearing that she did not have to travel for her job and worked remotely from home for at least the last year of her job.  (Tr. 38-39.)  For these reasons, the ALJ did not substantially err when she disregarded Dr. Johans' opinion that plaintiff was unable to work as inconsistent with other substantial evidence of record.  *See*, *Julin v. Colvin*, 826 F.3d 1082, 1088 (8th Cir. 2016) (opinions of treating physicians may be given limited weight if they are inconsistent with the record) (citing *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015)); *Cline*, 771 F.3d at 1103 (ALJ gave little weight to treating physician's opinion that was inconsistent with treatment records and objective medical evidence, and not supported by physician's own exams and test results); *Toland v. Colvin*, 761 F.3d 931, 936 (8th Cir. 2014) (appropriate to weigh consistency of physician's opinion against claimant's reported daily activities).

14

Plaintiff also argues that the ALJ erred when fashioning her RFC by failing to consider how her migraine headaches interfere with her ability to maintain attention and concentration.  Plaintiff complains that the ALJ did not state whether she considered plaintiff's migraines to be a severe or non-severe impairment. Initially, it should be noted that plaintiff did not allege that she was disabled due to migraine headaches in her application for benefits.  (Tr. 70.)  However, plaintiff testified that had taken the medication Depo-Provera since 1995 for migraines, that she had migraines "almost daily" that affect her concentration, and for 15-18 of those days each month the migraines impact her ability to run errands, and 10 days a month she is completely incapacitated by them.  (Tr. 61-62.)  Plaintiff testified that she uses the Migraine Buddy App on her cell phone to track her migraines. (Tr. 62.)

Although the ALJ did not precisely identify migraine headaches as a non-severe impairment, she did consider them when fashioning plaintiff's RFC. Therefore, this alleged failure amounts to, at most, "an arguable deficiency in opinion-writing technique [which] does not require [the Court] to set aside an administrative finding when that deficiency had no bearing on the outcome." *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) (internal quotation marks and citation omitted).  Here, the ALJ acknowledged plaintiff's testimony regarding the frequency and duration of her migraine headaches, but concluded that her

allegations were only partially consistent with the objective medical evidence and other evidence of record, including plaintiff's wide range of daily activities, including meal preparation, doing laundry, cleaning, driving short distances, and handling her personal finances.  (Tr. 21.)  In so doing, the ALJ did not substantially err.

It is plaintiff's burden to prove her RFC, and it is the ALJ's responsibility to fashion her RFC based on all relevant evidence in the record.  *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016).  Plaintiff first argues that the ALJ was required to consider the effect her migraine headaches have on her ability to sustain attention and concentration under SSR 19-4p, but in her reply brief she admits that this regulation was not in effect when the ALJ issued her decision.  (ECF # 14 at 4).  The ALJ did not err by failing to apply a regulation not in effect when her opinion was issued.  Moreover, the ALJ concluded that plaintiff's allegations were not entirely consistent with the record evidence as a whole.  Plaintiff was seen by Dr. Johans more than 25 times between April of 2015 and May of 2018.  At each of these visits where an assessment was done, plaintiff was always observed to be alert and oriented, with a good long-term memory, a normal short-term memory, was able to remember and repeat instructions, and had good reasoning and the ability to form concepts based on data.  (Tr. 241-78, 341-401, 526-68.)   During her visit with Lisa Scott, NP on October 25, 2016, plaintiff was observed to have

normal memory, orientation, mood and affect.  (Tr. 282-83.)  Although plaintiff

reported having a headache during her November 28, 2016, visit with Ms. Scott,

she still had normal memory, orientation, mood and affect.  (Tr. 293.)  Subsequent

examinations by Ms. Scott on December 28, 2016, July 12, 2017, October 9, 2017,

November 29, 2017, January 2, 2018, March 6, 2018, April 17, 2018, and June 20,

2018 were all also within normal limits.  (Tr. 304, 430, 439, 446-47, 458, 468-69,

479-80, 491.)  Plaintiff presented no medical evidence demonstrating that she

experienced migraine headaches to the extent she alleged at the hearing.  Given the

objective medical evidence of record as a whole and plaintiff's daily activities, the

ALJ did not substantially err by concluding that plaintiff was not as limited by

migraines as she alleged or by failing to include limitations on plaintiff's ability to

maintain attention and concentration when fashioning her RFC.  *See Harris v.*

*Barnhart*, 356 F.3d 926, 929-30 (8th Cir. 2004) (ALJ did not err in discounting

claimant's subjective allegations regarding severity of headaches given the lack of

medical evidence supporting allegations and claimant's inconsistent activities of

daily living).  "This court reviews the record to ensure that an ALJ does not

disregard evidence or ignore potential limitations, but does not require an ALJ to

mechanically list and reject every possible limitation.  Here, the ALJ considered

[plaintiff's] alleged limitations, and substantial evidence supports the ALJ's RFC

assessment."  *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1091 (8th Cir.

2018).

D.     Subjective Symptom (Credibility) Determination

Plaintiff also argues that the ALJ erred in evaluating her subjective complaints of pain.  Specifically, the plaintiff contends that the ALJ failed to account for her varying levels of pain.  When considering a claimant's self-reported symptoms and limitations, the ALJ must evaluate whether the claimant's subjective statements are consistent with and supported by the record as a whole. 20 C.F.R. § 404.1529(c); SSR 16-3p.  "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts."  *Pearsall*, 274 F.3d at 1218.  I must defer to the ALJ's credibility determinations "so long as such determinations are supported by good reasons and substantial evidence."  *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005).  When determining the credibility of a claimant's subjective complaints, the ALJ must consider all evidence relating to the complaints, including the claimant's daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and any functional restrictions.  20 C.F.R. § 404.1529(c)(3); SSR 16-3p; *Halverson v. Astrue*, 600 F.3d 922, 931 (8th Cir. 2010); *Polaski,* 739 F.2d at 1322.  "[T]he duty of the court is to ascertain whether the ALJ considered all of the evidence relevant to the plaintiff's complaints . . . and whether the evidence so contradicts the plaintiff's

subjective complaints that the ALJ could discount his or her testimony as not credible." *Masterson v. Barnhart*, 363 F.3d 731, 738–39 (8th Cir. 2004).  It is not enough that the record merely contain inconsistencies.  Instead, the ALJ must specifically demonstrate in his decision that he considered all of the evidence.  *Id.* at 738; *see also Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991).  Where an ALJ explicitly considers the relevant factors but then discredits a claimant's complaints for good reason, the decision should be upheld.  *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001).

Here, the ALJ properly evaluated plaintiff's credibility based upon her own testimony, the objective medical evidence of record, and her daily activities.  The ALJ summarized plaintiff's testimony regarding her daily activities and subjective allegations of pain and found plaintiff's statements about the intensity, persistence, and limiting effects partially consistent with the evidence of record.  The ALJ acknowledged plaintiff's reported symptoms, including pain, and went on to weigh these allegations against the evidence of record as required by 20 C.F.R. § 404.1529(c)(3).  The ALJ was not required to fully credit all of plaintiff's assertions regarding her limitations given her activities, which included performing light routine household chores such as preparing simple meals, some housekeeping, driving, and handling her personal finances.  *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).  "Acts such as cooking, vacuuming, washing

dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009).

The medical evidence of record also supports the ALJ's findings and was properly considered by the ALJ as one factor when assessing plaintiff's credibility and evaluating her subjective complaints of pain. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) (lack of corroborating medical evidence is one factor to consider when evaluating subjective complaints of pain). The ALJ acknowledged plaintiff's varying pain levels but noted that she reported significant pain relief from her stimulators, as well as trigger point injections and medications, with reported improvement in the performance of activities of daily living, improvement in symptoms of 50 to 90 percent, and average daily pain levels ranging from 2-7/10. (Tr. 241-42, 245, 250, 255, 260, 265-66, 274-75, 341-42, 347-48, 353-54, 357-58, 361-62, 367, 379, 383, 388-89, 396-97, 526-27, 530-31, 546, 548-49, 554-55, 558-59, 562-63.) Moreover, despite plaintiff's allegations of disabling pain, plaintiff's numerous physical examinations did not reveal any acute distress, and other than some observed trigger points, examinations were relatively normal. (Tr. 241-78, 341-401, 526-68.)

Here, after summarizing the objective medical evidence of record the ALJ properly concluded that plaintiff's subjective complaints of pain were of limited

credibility because they were not supported by the objective medical evidence of record, an important factor for evaluating a claimant's credibility. *Stephens v. Shalala*, 50 F.3d 538, 541 (8th Cir. 1995).   The ALJ expressly acknowledged that plaintiff was experiencing pain, but concluded, after evaluating the entirety of the record, that plaintiff's pain was not so severe as to be disabling.  Where, as here, an ALJ seriously considers but for good reasons explicitly discounts a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination.  *Johnson*, 240 F.3d at 1147.  The ALJ evaluated all of the medical evidence of record and adequately explained her reasons for the weight given this evidence.   Substantial evidence in the record as a whole supports the ALJ's determination, so I will affirm the decision of the Commissioner as within a "reasonable zone of choice." *Fentress v. Berryhill*, 854 F.3d 1016, 1021 (8th Cir. 2017) (citing *Owen v. Astrue*, 551 F.3d 792, 798 (8th Cir. 2008)).

## Conclusion

When reviewing an adverse decision by the Commissioner, the Court's task is to determine whether the decision is supported by substantial evidence on the record as a whole.  *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001).  "Substantial evidence is defined to include such relevant evidence as a reasonable mind would find adequate to support the Commissioner's conclusion." *Id.*  Where substantial evidence supports the Commissioner's decision, this Court may not reverse the

decision merely because substantial evidence exists in the record that would have supported a contrary outcome or because another court could have decided the case differently. *Id.*; *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016); *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

For the reasons set out above, a reasonable mind can find the evidence of record sufficient to support the ALJ's determination that plaintiff was not disabled. Because substantial evidence on the record as a whole supports the ALJ's decision, it must be affirmed. *Davis,* 239 F.3d at 966.

Accordingly,

**IT IS HEREBY ORDERED** that that the decision of the Commissioner is affirmed, and Jennifer Saunders' complaint is dismissed with prejudice.

A separate Judgment is entered herewith.



RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE
Dated this 14th day of September, 2020.